## CIRCUIT COURT OF WARREN COUNTY

James Allamong et al.

v.

Farmers & Merchants
National Bank et al.

February 27, 1992

Case No. (Chancery) 90–231

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court for ruling on the demurrer of the defendants to the bill of complaint. Upon consideration of the pleadings and the memoranda of the parties, I have made the following [findings and conclusions].

### I. *Findings of Fact*

It appears that, for the purposes of the demurrer which has been filed, the following facts have been admitted in the bill of complaint and the plaintiff's memorandum.

1. The property in dispute is a .65 acre parcel of property on the southeast side of U.S. Route 340 in Warren County, Virginia.

2. Defendants, Lucille and Edward Curl, are the record owners of the subject property, having acquired the property by deed dated April 17, 1990, recorded in Warren County Deed Book 425, at page 361.

3. On June 11, 1982, a *lis pendens* was filed against the subject property in the Warren County case of *Acme Financial, Inc. v. H & W Investment Co., Inc.*, Chancery No. 4333.

4. On December 13, 1982, H & W Investment Co., Inc., sold the subject property to Sue Wright.

5. On March 8, 1983, the *lis pendens* filed in the case of *Acme Financial, Inc. v. H & W Investment Co., Inc.*, was released as to the subject property by the attorney who filed the *lis pendens*.

6. On July 9, 1985, Sue Wright sold the subject property to Burl and Nola Harper.

7. On April 17, 1990, Burl and Nola Harper sold the subject property to Lucille R. Curl.

8. On November 6, 1990, this suit was filed seeking to set aside the December 13, 1982, conveyance to Sue Wright and impose a constructive trust upon the subject property.

## II. *Conclusions of Law*

1. In considering a demurrer, the Court must apply "the settled rule that a demurrer admits the truth of all well-pleaded material facts. All reasonable inferences fairly and justly drawn from the facts alleged must be considered in the aid of the pleading." *Russo v. White*, 241 Va. 23, 24, 400 S.E.2d 160 (1991), quoting *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373 (1988).

2. The filing of a *lis pendens* is governed by Virginia Code § 8.01–268. The filing of a *lis pendens* is merely a notice to a third party of pending litigation which may affect the property. *Bray v. Landergren*, 161 Va. 699, 713, 172 S.E.2d 252 (1934). However, in this case, the *lis pendens* was released by the attorney who filed it on March 8, 1983, seven years before the defendants Curl purchased the property. The party who files a *lis pendens* has the authority to release it because its release is merely an election not to pursue a remedy against the property specifically.

3. The real inquiry here is the extent to which the Curls, as bona fide purchasers for value, were entitled to rely upon the recorded release of the *lis pendens*. The duties of a bond fide purchaser for value with respect to matters recorded in the Circuit Court Clerk's Office are clearly stated in *Ransome v. Watson's Admr.*, 145 Va. 669, 676, 134 S.E. 707 (1926):

> An intending purchaser was not required to do more than to examine the public records in order to ascertain the state of the recorded title, and when he found this complete, he could purchase with safety unless he was affected with notice of defects not disclosed by the record. The object of the Registry Acts is to give notice, but, of course, if a purchaser knows of defects in the title of his vendor, he takes the title subject to such defects, however perfect the recorded title may be.

4. The prospective purchaser's right to rely upon the records filed in the circuit court clerk's office pursuant to the recording act is the fundamental purpose for the recording statutes. As notes in 66 Am. Jur. 2d, *Recording and Recording Law*, § 99:

> A person, in dealing with another in respect to real estate, may rely on the record title to the property, in the absence of actual knowledge of the title in fact, or facts sufficient to put him on inquiry in respect thereto. This protection extends to all persons who rely, and are justified in relying, on the record in dealing with real property. If this were not so, no one would be safe in purchasing real estate, or in loaning upon the strength of it as security. He who acts in reliance on the record has behind him not only the natural equities of his position, but also the special equity arising from the protection afforded everyone who trusts the record.

There is no averment in the bill of complaint that the Curls had actual knowledge of the matters complained of in the bill of complaint filed in this suit. Rather the complainants charge that the Curls had a duty to look behind the release of *lis pendens*, but this is not the law. The deed from H & W Investment Co., Inc., to the Curls' predecessors in title recited that it was done pursuant to the authorization of the board of directors and was executed by its president and attested by its secretary. The December 13, 1982, deed from H & W Investment Co., Inc., to Sue Wright, defendant Curls' predecessor in interest, was regular on its face, and there was no reason for the Curls to look behind that transaction. Va. Code Section 55–80 specifically provides that a bona fide purchaser for value is protected unless he "had notice of the fraudulent intent of the immediate grantor or of the fraud rendering void the title of such grantor." The Curls' immediate grantors were the Harpers who had acquired the properties from Sue Wright, so they are twice removed from the transaction which the complainants seek to rescind.

## III. *Decision*

For the foregoing reasons, the demurrer of the defendants is sustained, and the bill of complaint is dismissed with prejudice. The defendant Curls' motion for sanctions is denied.